IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 19-177 |
| BARBARA MILLER | ) | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Mary McKeen Houghton, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count information has been filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit Money Laundering<br>From in and around January 2011 to in and around May 2016 | 18 U.S.C. § 1956(h) |

### II. ELEMENTS OF THE OFFENSE

**A.  As to Count 1:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That a conspiracy to launder money, as charged in the Information, was entered into by two or more people.

*United States v. Navarro*, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2. That the defendant knew the purpose of the conspiracy.

*United States v. Navarro*, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3. That the defendant deliberately joined the conspiracy.

*United States v. Navarro*, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); *Whitfield v. United States*, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

## II. PENALTIES

**B. As to Count 1: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):**

Individuals - The maximum penalties for individuals are:

1. A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 1956(h));

2. A fine not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater (18 U.S.C. § 1956(h));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. All of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be applicable in this case.

## VI. **FORFEITURE**

Forfeiture is not applicable.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By: _/s/ Mary McKeen Houghton_
MARY MCKEEN HOUGHTON
Assistant U.S. Attorney
PA ID No. 31929
